Brandon J. Witkow (SBN 210443)
bw@witkowlaw.com
Cory A. Baskin (SBN 240517)
cb@witkowlaw.com
witkow | baskin
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
Tel:   818.296.9508
Fax:   818.296.9510

Attorneys for *Plaintiff*
2BCOM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 2BCOM, LLC., <br><br> Plaintiff, <br><br> vs. <br><br> NETGEAR, INC., <br><br> Defendant. | Case No.  5:21-cv-00333 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff 2BCom, LLC ("Plaintiff" or "2BCom") files this Complaint against Defendant Netgear, Inc. ("Netgear" or "Defendant") for patent infringement and by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States, 2BCom holds the rights in U.S. Patent Nos. 6,885,643 ("the '643 patent"), 6,928,166 ("the '166 patent"), 7,039,445 ("the '445 patent"), and 7,460,477 ("the '477 patent") (collectively, the "Patents-in-Suit"). The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent. Under 35 U.S.C. § 282(a), the '643 patent, the '166 patent, the '445 patent, and the '477 patent are entitled to a presumption of validity. 2BCom is suing Defendant for infringing its patents and doing so willfully. 2BCom seeks to recover damages from Defendant, including treble damages for willful infringement, as well as injunctive relief.

2. 2BCom sells and offers for sale the LED Wi-Fi RGB Color Light Bulb and the LED Wi-Fi RGB Color Strip Lights (collectively, "2BCom's Products"). 2BCom's Products are offered for sale on Amazon.com. 2BCom's Products each practice at least the '643 and '166 patents. 2BCom identifies many of its patents, including patents that read upon the 2BCom Products, on its website, at www.2bcomllc.com/patents. 2BCom's Products themselves also provide a link to the webpage identifying 2BCom's patents as well as the patents covered by 2BCom's Products. 2BCom is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.

# THE PARTIES

3. 2BCom, LLC is a company, organized and existing under the laws of Delaware, having a place of business at 1603 Orrington Ave, Suite 600, Evanston, Illinois 60201.

4. Upon information and belief, Defendant Netgear, Inc. is a Delaware corporation with a principal place of business at 350 East Plumeria Drive, San Jose, California, 95134.

5. Upon information and belief, Defendant manufactures, imports, and/or sells wireless router products listed in Exhibit 9 ("Accused Products").

# JURISDICTION

6. This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. §271. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

7. The Court has personal jurisdiction over Defendant because Defendant, among other things, conducts business in, and avails itself of the laws of the State of California. Upon information and belief, Defendant has a principal place of business in this District. In addition, upon information and belief, Defendant through its own acts and/or through the acts of its affiliated companies (acting as its agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District. Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of California and in this District.

# VENUE

8. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

9. Upon information and belief, Defendant has a principal place of business in this District. Thus, Defendant resides in this District for the purposes of venue and has committed acts of infringement within this judicial District, does business in this District, and maintains a regular and established place of business in this District.

## INFRINGEMENT OF U.S. PATENT NO. 6,885,643

10. 2BCom incorporates by reference the allegations set forth in the preceding paragraphs.

11. On April 26, 2005, the '643 patent, entitled "Method And Device For Facilitating Efficient Data Transfer Via A Wireless Communication Network," was duly and lawfully issued based upon an application filed by the inventors, Keiichi Teramoto, Yoshiaki Takabatake, Junko Ami and Kensaku Fujimoto. A true and correct copy of the '643 Patent is attached hereto as Exhibit 1.

12. 2BCom is the assignee and the owner of all right, title and interest in and to the '643 patent and has the right to sue and recover damages for infringement thereof.

13. Upon information and belief, Defendant has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Central District of California specifically. The Accused Products are available for retail purchase through numerous retail websites in the United States, such as www.amazon.com, www.bestbuy.com, www.walmart.com, www.bhphotovideo.com, www.staples.com, and many others including Defendant's own website at https://store.netgear.com.

14. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 21 of the '643 patent, Defendant has directly infringed literally and/or upon information and belief, equivalently, and is continuing to infringe the '643 patent and is thus liable to 2BCom pursuant to 35 U.S.C. § 271.

15. As a non-limiting example of Defendant's infringement of the '643 patent, set forth in Exhibit 2, is a preliminary claim chart showing Defendant's infringement of exemplary claim 21 of the '643 patent by the Nighthawk AX8 8-Stream AX6600 Tri-Band WiFi 6 Router.

16. Defendant has indirectly infringed and continues to infringe at least claim 21 of the '643 patent by inducement under 35 U.S.C. § 271(b). Defendant has induced and continues to induce users and retailers of the Accused Products to directly infringe at least claim 21 of the '643 patent.

17. Upon information and belief, Defendant knowingly induced customers to use its Accused Products, including, for example, by promoting such products online (e.g., https://www.netgear.com) and/or providing customers with support, instructions and/or manuals for using the Accused Products through websites such as https://www.netgear.com. Likewise, Defendant knowingly induced retailers to market and sell the Accused Products via websites such as www.amazon.com, www.bestbuy.com, www.walmart.com, www.bhphotovideo.com, www.staples.com, and many others.

18. Defendant has been on notice of the '643 patent and Defendant's respective infringement of the '643 patent, since, at least, September 15, 2020, via letter to Andrew Kim, General Counsel, notifying the Defendant of infringement of the patent. The letter was followed up with a claim chart showing infringement of the '643 patent sent on November 4, 2020 to Andrew Kim. Additional allegations of Defendant's pre-suit knowledge of the '643 patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

19. Upon information and belief, since at least the above-mentioned date when Defendant was on notice of its infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), consumers and end users that purchase its infringing products to directly infringe one or more claims of the '643 patent by testing and/or operating the Accused Products in accordance with Defendant's instructions contained

in, for example, its user manuals. Since at least the notice provided on the above-mentioned date, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '643 patent. Upon information and belief, Defendant intends to cause, and have taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the Accused Products, creating established distribution channels for the Accused Products into and within the United States, selling the Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for the Accused Products, to purchasers and prospective buyers, and/or providing technical support, software and firmware updates, or services for the Accused Products to these purchasers in the United States.

20. Upon information and belief, Defendant also contributes to infringement of the '643 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation the Accused Products and the non-staple constituent parts of those Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '643 patent. These products are known by Defendant to be especially made or especially adapted for use in the infringement of the '643 patent. Defendant also contributes to the infringement of the '643 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation components of the Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '643 patent. The products are known by Defendant to be especially made or especially adapted for use in the infringement of the '643 patent. Specifically, upon information and belief, Defendant sells products with knowledge that the devices are used for infringement, to resellers, retailers, and end users. End users of those products directly infringe the '643 patent.

21.     Defendant's infringement of the '643 patent is without consent of, authority of, or license from 2BCom.

22.     Upon information and belief, Defendant's infringement of the '643 patent is willful.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling 2BCom to its attorneys' fees and expenses.

23.     As a result of Defendant's acts of infringement, 2BCom has suffered and will continue to suffer damages in an amount to be proven at trial.

24.     Defendant's infringement of the '643 patent has caused irreparable harm (including the loss of market share) to 2BCom, and will continue to do so unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 6,928,166

25.     2BCom incorporates by reference the allegations set forth in the preceding paragraphs.

26.     On August 9, 2005 the '166 patent, entitled "Radio Communication Device And User Authentication Method For Use Therewith," was duly and lawfully issued based upon an application filed by the inventor Junichi Yoshizawa.  A true and correct copy of the '166 Patent is attached hereto as Exhibit 3.

27.     2BCom is the assignee and the owner of all right, title and interest in and to the '166 patent and has the right to sue and recover damages for infringement thereof.

28.     Upon information and belief, Defendant has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Central District of California specifically.  The Accused Products are available for retail purchase through numerous retail websites in the United States, such as www.amazon.com, www.bestbuy.com, www.walmart.com, www.bhphotovideo.com, www.staples.com, and many others including Defendant's own website at https://store.netgear.com.

29. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 13 of the '166 patent, Defendant has directly infringed literally and/or upon information and belief, equivalently, and is continuing to infringe the '166 patent and is thus liable to 2BCom pursuant to 35 U.S.C. § 271.

30. As a non-limiting example of Defendant's infringement of the '166 patent, set forth in Exhibit 4, is a preliminary claim chart showing Defendant's infringement of exemplary claim 13 of the '166 patent by the AC1900 Nighthawk Smart WiFi Router.

31. Defendant has indirectly infringed and continues to infringe at least claim 13 of the '166 patent by inducement under 35 U.S.C. § 271(b). Defendant has induced and continues to induce users and retailers of the Accused Products to directly infringe at least claim 13 of the '166 patent.

32. Upon information and belief, Defendant knowingly induced customers to use its Accused Products, including, for example, by promoting such products online (e.g., https://www.netgear.com) and/or providing customers with support, instructions and/or manuals for using the Accused Products through websites such as https://www.netgear.com. Likewise, Defendant knowingly induced retailers to market and sell the Accused Products via websites such as www.amazon.com, www.bestbuy.com, www.walmart.com, www.bhphotovideo.com, www.staples.com, and many others.

33. Defendant has been on notice of the '166 patent and Defendant's respective infringement of the '166 patent, since, at least, September 15, 2020, via letter to Andrew Kim, General Counsel, notifying the Defendant of infringement of the patent. The letter was followed up with a claim chart showing infringement of the '166 patent sent on November 4, 2020 to Andrew Kim. Additional allegations of Defendant's pre-suit knowledge of the '166 patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

34. Upon information and belief, since at least the above-mentioned date when Defendant was on notice of its infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), consumers and end users that purchase its infringing products to directly infringe one or more claims of the '166 patent by testing and/or operating the Accused Products in accordance with Defendant's instructions contained in, for example, its user manuals. Since at least the notice provided on the above-mentioned date, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '166 patent. Upon information and belief, Defendant intends to cause, and have taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the Accused Products, creating established distribution channels for the Accused Products into and within the United States, selling the Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for the Accused Products, to purchasers and prospective buyers, and/or providing technical support, software and firmware updates, or services for the Accused Products to these purchasers in the United States.

35. Upon information and belief, Defendant also contributes to infringement of the '166 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation the Accused Products and the non-staple constituent parts of those Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '166 patent. These products are known by Defendant to be especially made or especially adapted for use in the infringement of the '166 patent. Defendant also contributes to the infringement of the '166 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation components of the Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of

the invention described in the '166 patent. The products are known by Defendant to be especially made or especially adapted for use in the infringement of the '166 patent. Specifically, upon information and belief, Defendant sells products with knowledge that the devices are used for infringement, to resellers, retailers, and end users. End users of those products directly infringe the '166 patent

36. Defendant's infringement of the '166 patent is without consent of, authority of, or license from 2BCom.

37. Upon information and belief, Defendant's infringement of the '166 patent is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling 2BCom to its attorneys' fees and expenses.

38. As a result of Defendant's acts of infringement, 2BCom has suffered and will continue to suffer damages in an amount to be proven at trial.

39. Defendant's infringement of the '166 patent has caused irreparable harm (including the loss of market share) to 2BCom, and will continue to do so unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,039,445**

40. 2BCom incorporates by reference the allegations set forth in the preceding paragraphs.

41. On May 2, 2006 the '445 patent, entitled "Communication System, Communication Apparatus, and Communication Method," was duly and lawfully issued based upon an application filed by the inventor Junichi Yoshizawa. A true and correct copy of the '445 Patent is attached hereto as Exhibit 5.

42. 2BCom is the assignee and the owner of all right, title and interest in and to the '445 patent and has the right to sue and recover damages for infringement thereof.

43. Upon information and belief, Defendant has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States

generally, and in the Central District of California specifically. The Accused Products are available for retail purchase through numerous retail websites in the United States, such as www.amazon.com, www.bestbuy.com, www.walmart.com, www.bhphotovideo.com, www.staples.com, and many others including Defendant's own website at https://store.netgear.com.

44. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 13 of the '445 patent, Defendant has directly infringed literally and/or upon information and belief, equivalently, and is continuing to infringe the '445 patent and is thus liable to 2BCom pursuant to 35 U.S.C. § 271.

45. As a non-limiting example of Defendant's infringement of the '445 patent, set forth in Exhibit 6, is a preliminary claim chart showing Defendant's infringement of exemplary claim 13 of the '445 patent by the Nighthawk X6 AC3200 Tri-Band Wi-Fi 5 Router.

46. Defendant has indirectly infringed and continues to infringe at least claim 13 of the '445 patent by inducement under 35 U.S.C. § 271(b). Defendant has induced and continues to induce users and retailers of the Accused Products to directly infringe at least claim 13 of the '445 patent.

47. Upon information and belief, Defendant knowingly induced customers to use its Accused Products, including, for example, by promoting such products online (e.g., https://www.netgear.com) and/or providing customers with support, instructions and/or manuals for using the Accused Products through websites such as https://www.netgear.com. Likewise, Defendant knowingly induced retailers to market and sell the Accused Products via websites such as www.amazon.com, www.bestbuy.com, www.walmart.com, www.bhphotovideo.com, www.staples.com, and many others.

48. Defendant has been on notice of the '445 patent and Defendant's respective infringement of the '445 patent, since, at least, September 15, 2020, via

letter to Andrew Kim, General Counsel, notifying the Defendant of infringement of the patent. The letter was followed up with a claim chart showing infringement of the '445 patent sent on November 4, 2020 to Andrew Kim. Additional allegations of Defendant's pre-suit knowledge of the '445 patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

49. Upon information and belief, since at least the above-mentioned date when Defendant was on notice of its infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), consumers and end users that purchase its infringing products to directly infringe one or more claims of the '445 patent by testing and/or operating the Accused Products in accordance with Defendant's instructions contained in, for example, its user manuals. Since at least the notice provided on the above-mentioned date, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '445 patent. Upon information and belief, Defendant intends to cause, and have taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the Accused Products, creating established distribution channels for the Accused Products into and within the United States, selling the Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for the Accused Products, to purchasers and prospective buyers, and/or providing technical support, software and firmware updates, or services for the Accused Products to these purchasers in the United States.

50. Upon information and belief, Defendant also contributes to infringement of the '445 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation the Accused Products and the non-staple constituent parts of those Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '445 patent. These products are known by Defendant to be

especially made or especially adapted for use in the infringement of the '445 patent. Defendant also contributes to the infringement of the '445 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation components of the Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '445 patent. The products are known by Defendant to be especially made or especially adapted for use in the infringement of the '445 patent. Specifically, upon information and belief, Defendant sells products with knowledge that the devices are used for infringement, to resellers, retailers, and end users. End users of those products directly infringe the '445 patent.

51. Defendant's infringement of the '445 patent is without consent of, authority of, or license from 2BCom.

52. Upon information and belief, Defendant's infringement of the '445 patent is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling 2BCom to its attorneys' fees and expenses.

53. As a result of Defendant's acts of infringement, 2BCom has suffered and will continue to suffer damages in an amount to be proven at trial.

## INFRINGEMENT OF U.S. PATENT NO. 7,460,477

54. 2BCom incorporates by reference the allegations set forth in the preceding paragraphs.

55. On December 2, 2008 the '477 patent, entitled "Electronic Apparatus with Communication Device," was duly and lawfully issued based upon an application filed by the inventors, Koichi Yata and Tooru Homma. A true and correct copy of the '477 Patent is attached hereto as Exhibit 7.

56. 2BCom is the assignee and the owner of all right, title and interest in and to the '477 patent and has the right to sue and recover damages for infringement thereof.

57. Upon information and belief, Defendant has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Central District of California specifically. The Accused Products are available for retail purchase through numerous retail websites in the United States, such as www.amazon.com, www.bestbuy.com, www.walmart.com, www.bhphotovideo.com, www.staples.com, and many others including Defendant's own website at https://store.netgear.com.

58. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 7 of the '477 patent, Defendant has directly infringed literally and/or upon information and belief, equivalently, and is continuing to infringe the '477 patent and is thus liable to 2BCom pursuant to 35 U.S.C. § 271.

59. As a non-limiting example of Defendant's infringement of the '477 patent, set forth in Exhibit 8, is a preliminary claim chart showing Defendant's infringement of exemplary claim 7 of the '477 patent by the Nighthawk AX12 12-Stream AX6000 WiFi 6 Router.

60. Defendant has indirectly infringed and continues to infringe at least claim 7 of the '477 patent by inducement under 35 U.S.C. § 271(b). Defendant has induced and continues to induce users and retailers of the Accused Products to directly infringe at least claim 7 of the '477 patent.

61. Upon information and belief, Defendant knowingly induced customers to use its Accused Products, including, for example, by promoting such products online (e.g., https://www.netgear.com) and/or providing customers with support, instructions and/or manuals for using the Accused Products through websites such as https://www.netgear.com. Likewise, Defendant knowingly induced retailers to market and sell the Accused Products via websites such as www.amazon.com,

www.bestbuy.com, www.walmart.com, www.bhphotovideo.com, www.staples.com, and many others.

62.   Defendant has been on notice of the '477 patent and Defendant's respective infringement of the '477 patent, since, at least, September 15, 2020, via letter to Andrew Kim, General Counsel, notifying the Defendant of infringement of the patent. The letter was followed up with a claim chart showing infringement of the '477 patent sent on November 4, 2020 to Andrew Kim. Additional allegations of Defendant's pre-suit knowledge of the '477 patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

63.   Upon information and belief, since at least the above-mentioned date when Defendant was on notice of its infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), consumers and end users that purchase its infringing products to directly infringe one or more claims of the '477 patent by testing and/or operating the Accused Products in accordance with Defendant's instructions contained in, for example, its user manuals. Since at least the notice provided on the above-mentioned date, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '477 patent. Upon information and belief, Defendant intends to cause, and have taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the Accused Products, creating established distribution channels for the Accused Products into and within the United States, selling the Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for the Accused Products, to purchasers and prospective buyers, and/or providing technical support, software and firmware updates, or services for the Accused Products to these purchasers in the United States.

64.   Upon information and belief, Defendant also contributes to infringement of the '477 patent by selling for importation into the United States, importing into the

United States, and/or selling within the United States after importation the Accused Products and the non-staple constituent parts of those Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '477 patent. These products are known by Defendant to be especially made or especially adapted for use in the infringement of the '477 patent. Defendant also contributes to the infringement of the '477 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation components of the Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '477 patent. The products are known by Defendant to be especially made or especially adapted for use in the infringement of the '477 patent. Specifically, upon information and belief, Defendant sells products with knowledge that the devices are used for infringement, to resellers, retailers, and end users. End users of those products directly infringe the '477 patent.

65. Defendant's infringement of the '477 patent is without consent of, authority of, or license from 2BCom.

66. Upon information and belief, Defendant's infringement of the '477 patent is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling 2BCom to its attorneys' fees and expenses.

67. As a result of Defendant's acts of infringement, 2BCom has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, 2BCom requests this Court enter judgment as follows:

  A. That the '643 patent, the '166 patent, the '445 patent, and the '477 patent are valid and enforceable;

  B. That Defendant has directly and indirectly infringed at least claim 21 of the '643 patent, claim 13 of the '166 patent, claim 13 of the '445 patent, and claim 7 of the '477 patent.

   C. That such infringement is willful;

   D. That Defendant account for and pay to 2BCom all damages pursuant to 35 U.S.C. § 284 to adequately compensate 2BCom for Defendant's infringement of the '643 patent, the '166 patent, the '445 patent, and the '477 patent, but in no event less than a reasonable royalty for the use made by Defendant of the invention set forth in the '643 patent, the '166 patent, the '445 patent, and the '477 patent;

   E. That 2BCom receives enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

   F. That an injunction be entered enjoining Defendant, its officers, agents, servants, employees and attorneys, and other persons in active concert with Defendant, and its parents, subsidiaries, divisions, successors and assigns, from further infringement of the Patents-in-Suit, and at least the '643 and '166 patents.

   G. That this is an exceptional case under 35 U.S.C. § 285;

   H. That Defendant pay 2BCom all of 2BCom's reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

   I. That 2BCom be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Defendant's infringement of the '643 patent, the '166 patent, the '445 patent, and the '477 patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

   J. That costs be awarded in accordance with 35 U.S.C. § 284 to 2BCom; and

   K. That 2BCom be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

2BCom hereby demands a trial by jury on all issues so triable in this action.

1 | Dated:  January 13, 2021                witkow | baskin

By: /s/ Brandon J. Witkow
    Brandon J. Witkow
    Cory A. Baskin

Attorneys for *Plaintiff* 2BCOM, LLC.

**DEMAND FOR JURY TRIAL**

2BCom hereby demands a trial by jury on all issues so triable in this action.

Dated: January 13, 2021                witkow | baskin


By: /s/ Brandon J. Witkow
      Brandon J. Witkow
      Cory A. Baskin

Attorneys for *Plaintiff* 2BCOM, LLC.